LABAGH AND WIFE *against* CANTINE AND OTHERS, *heirs and devisees of* CANTINE.

Where, in an action of debt against heirs and devisees, the defendants plead *riens per descent,* the plaintiff, replying that they had assets by descent before exhibiting the bill, may conclude with a verification.

THIS was an action of debt, on a bond executed to the wife of the plaintiff, *Labagh,* when sole, by *John Cantine,* brought against the defendants, as heirs and devisees. The defendants pleaded that they have not, nor at the time of the commencement of this suit, nor at any time before or since, had any lands, tenements, or hereditaments, by descent or devise, from the said *John Cantine,* deceased; and this they are ready to verify, &c.

The plaintiffs replied, that they ought not to be barred, &c., because they say that the defendants, after the death of *John Cantine,* and before the day of exhibiting the bill of them, the plaintiffs had divers lands or tenements by descent or devise; and this they are ready to verify, &c.

To this replication the defendants demurred specially, showing for cause of demurrer, that the replication denies the whole

of the defendants' plea, yet concludes with an averment and prayer of judgment for debt and damages, whereas it ought to have concluded to the country, &c. The plaintiffs joined in demurrer.

*Cantine*, in support of the demurrer, contended, that the rule of pleading was, that where there was an affirmative on one side, and a negative on the other, and no new matter alleged, the plea must conclude to the country.*

\* 1 *Saund* 103. *n.* (1) 1 *Johns. Rep.* 516. 2 *Johns. Rep.* 428. 462.

*Van Vechten*, contra, contended, that the plea was according to all the precedents. To a plea of *riens per descent*, the plaintiff may reply, either that the defendant had assets by descent, at the time of the commencement of the suit, or between that time and the death of the ancestor.† The act (1 *N. R. L.* 317. sess. 36. ch. 93. s. 2.) is like the act of 3 and 4 *W. & M.* ch. 5.; and the replication given by the statute concludes with a *verification*,‡ and the defendant, in his rejoinder, must take issue on the allegation. This case is an exception to the general rule of pleading, as to the conclusion.

† 1 *Chitty's Pl.* 559. 2 *Chitty's Pl.* 617, 618.

‡ 2 *Saund.* 7. (n. 4) 1 *Richards' C. P.* 522. 2 *Richards' C. P.* 295, 296, 297.

*Cantine*, in reply, said, that, in *England*, there may have been a reason for this form of replication, which does not apply here. There, though the judgment be general, only half the lands could be taken.§ Here all the lands are liable. By rejoining to the replication nothing new could be put at issue which was not fully put at issue by the plea.

§ 2 *Roll Abr.* 71, 72. Sir *Wm. Jones.* 87. *Dyer*, 373. 3 *Co.* 12. *a*)

SPENCER, J., delivered the opinion of the court. The defendants have demurred, specially, to the replication, because it concludes with an averment, when it should have concluded to the country.

The defendants are sued as heirs and devisees of *John Cantine;* under the statute. (1 *R. L.* 316.) The plea states, " that they have not, nor at the time of the commencement of this suit, nor at any time before, or since, had any lands, &c., by descent or devise, from the said *John Cantine*, deceased;" concluding with a verification. The plaintiffs reply, according to the statute, " that the defendants, after the death of the said *John Cantine*, their father, and before the day of exhibiting

their bill against the defendants, had divers lands, &c., by descent, or devise, from their father;" concluding with a verification.

If the pleadings were tested, by the principles applicable to pleadings in other cases, the demurrer must prevail; (1 Saund. 103. 106. 1 Chitty, 615., and 1 Johns. Rep. 516.;) for it is a general and established rule, that when there is an affirmative on one side, and a negative on the other, the conclusion should be to the country.

Cases of this description, however, seem to be an exception. The 2d section of the act before referred to, is a transcript of the 3 and 4 W. & M. ch. 5. sect. 5., and it renders heirs who alien the land before suit brought, liable for the value. The 4th section of our statute, which is a transcript of the 6th section of the same British statute, authorizes the heir to plead riens per descent, at the time of the commencement of the action, and the plaintiff may reply, that the heir had lands, &c., from his ancestor before commencement of such action. These statutes were intended to remedy the common-law rule, which was, that if the heir had bona fide aliened the lands, which he had by descent, before the commencement of the action, he might discharge himself by pleading that he had nothing by descent, at the time of suing out the writ or filing the bill. A replication, under the statute, would not precisely meet a plea that the heir had nothing by descent at the time of the commencement of the action; and, consequently, it has been held, that such a replication, to such a plea, must conclude with a verification; (2 Saund. n. 4.;) and so are the precedents. (2 Chitty's Pl. 473. 617.) In this plea it is alleged, that the defendants had not, at the time of the commencement of this suit, nor at any time before or since, any lands, &c., by descent, &c.

It would seem, that a replication that they had assets before the commencement of the suit, under the statute, though it negatives one of the periods stated in the plea, must, nevertheless, conclude with a verification. The propriety of this might well be doubted, but it is sanctioned by the most approved precedents, and we think it proper to adhere to those precedents.

Judgment for the plaintiffs, with leave to amend on payment of costs.